The opinion of the Court was delivered by
Mr. J ustice Nott.
A motion is now made for a new trial, on the first ground abóte stated, and in arrest of judgment on the second. It is not usual to enter up judgment on summary processes in regular form. The presiding Judge enters an order for a decree on the docket, from whence the clerk enters the decree on the minutes of the Court. And that is the only judgment which is ever entered up. Each clerk adopts his own method of entering the decree. Some merely state the amount; and others enter them in the form of a judgment, similar to that above transcribed. And when this was produced in the Court below, I understood it to be a transcript of the decree from the clerk’s minutes. It appears now to be a mere recital of the judgment or decree, accompanying the execution. It does not appear, therefore, that the variance alleged does actually exist. It may only be in the execution, and not in the judgment; and that alone would be a sufficient reason for refusing a new trial.
*249 But, suppose we receive this as the counsel have done, as the judgment itself, or an exact copy of it, I should still he of opinion a new trial ought not to be granted. The judgment is for sixty-seven dollars and fifty cents. The words “ with interest thereon” form no part of it. They may be stricken out as surplussage, and then there would be no variance.
But admitting those words to be material, there is no substantial variance. The preamble, as it may be called, declares the sum actually due in the same manner as is laid, in the declaration ; and the judgment that follows must necessarily be for the same sum. And the first part is as much the act of the Court as the latter, and ought all to be taken together. And even admitting that the latter part only is to be received as the judgment of the Court, there is enough appearing on the face of the whole record to show what was intended ; and it is, therefore, capable of amendment. There is enough appearing on the face of the proceedings to amend by. This Court has permitted a judgment to be amended after execution issued, and even after property sold under it. Let it not be understood, however, that I am for disregarding the technical rules and forms of proceedings. On the contrary, I ■am for preserving them in their full vigour, as the only land marks to judicial correctness. But I am for rendering them subservient to justice; *250 and wherever they contain sufficient certainty t© prevent the mischief which they were intended guard against, the Court ought to give effect them. In looking through the whole of these proceedings, sufficient certainty may be discovered to support the declaration, and therefore the motion for a new trial ought to be rejected,
eatasttw^idian l¿(]gmon?tpiinst one of them only ayetfaai «a"nTbethtX°n by the defendant
2d. The motion in arrest of judgment rests on a foundation less substantial. The plea is nul ^ * foe?record. The only question, then, is, does the record produced correspond with that set out in ■* x declaration? and by comparison it is found to be literally the same. It is true this action is brought against one only, when it appears that the judgment on which it was founded was against' two. But then the judgment is correctly stated in the declaration to be against both. There may he an error in the mode of bringing the action, or in the method of declaring, in not suggesting the death of one of the parties. But it could not be taken advantage of at the trial on the plea of nul del record; neither is it a good ground in arrest of judgment. It is an error it* form only, which is cured by the verdict.
This motion must also be refused.
Grirnke, Colcock, and Chevcs, J. concurred.
Gantt, J. dissented.
Johnson, J. gave no opinion, having been com Cerned in the cause.